# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph A. Leggitt,<br><br>   Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>   Respondents. | No. CV 10-1471-PHX-GMS (MHB)<br><br>**ORDER** |

On July 13, 2010, Petitioner Joseph A. Leggitt, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* Petition for Writ of Habeas Corpus (Doc. 1). Petitioner did not immediately pay the $5.00 filing fee or file an Application to Proceed *In Forma Pauperis*.

By Order filed July 23, 2010 (Doc. 3), the Court gave Petitioner 30 days from the filing date of the Order to either pay the $5.00 filing fee or file a completed Application to Proceed *In Forma Pauperis* using the form included with the Order.

**I.	Payment of Filing Fee**

On July 28, 2010, the $5.00 filing fee was paid (Doc. 4). Accordingly, the Court will proceed to review the Petition.

**II.	Petition not on Form**

Petitioner has failed to submit his Petition (Doc. 1) on a court-approved form for filing

a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 as required by Rule 3.5(a) of the Local Rules of Civil Procedure. Accordingly, the Petition will be dismissed without prejudice, with leave to amend in order for Petitioner to file an amended petition on a court-approved form. Petitioner's amended petition must be completely filled in to the extent applicable, must clearly set out each claim Petitioner is making, must provide information as to how Petitioner has first exhausted his administrative remedies as to each and every claim,[1] and must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar his amended petition.

Petitioner must limit each ground in the amended petition to the allegation of the violation of a single constitutional right, must describe the right and its source in the Constitution, and must clearly state facts showing how that constitutional right was violated. If Petitioner can not fit all of his supporting facts or arguments in favor of a particular ground on the court-approved form, then he may continue on an attachment, but each matter on any attachment must be clearly referenced to a particular ground on the court-approved form. Petitioner must clearly designate on the face of the document that it is an amended petition.

Petitioner should take notice that pursuant to 28 U.S.C. § 2244(b)(1), a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Moreover, pursuant to 28 U.S.C. § 2244(b)(2), the District Court must dismiss a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application, except under certain circumstances. Before a second or successive application permitted by § 2244 is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

---

[1] A prisoner attacking his or her state conviction must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. Rose v. Lundy, 455 U.S. 509 (1982); Szeto v. Rushen, 709 F.2d 1340 (9th Cir. 1983). The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. Rose, 455 U.S. at 521-22. The failure to exhaust subjects the Petition to dismissal. Gutierrez v. Griggs, 695 F.2d 1195 (9th Cir. 1983).

Petitioner should further take notice that all grounds alleged in his original Petition that are not alleged in any amended petition will be waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987).

**III.   Motion to Include**

On August 17, 2010, Petitioner filed a "Motion To Include 'Sentence Of Imprisonment' As Exhibit A, To: 'Petition For Writ Of Habeas Corpus'" (Doc. 5). In light of the dismissal of the Petition (Doc. 1), the Court will deny Petitioner's Motion without prejudice to Petitioner including the "Sentence Of Imprisonment" with any amended petition that he may file.

**IV.   Warnings**

**A.   Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.   Copies**

Petitioner must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.   Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Petitioner's "Motion To Include 'Sentence Of Imprisonment' As Exhibit A, To: 'Petition For Writ Of Habeas Corpus'" (Doc. 5) is **denied without prejudice**.

(2) The Petition (Doc. 1) is **dismissed without prejudice, with leave to amend**. Petitioner **has** 30 days from the date of filing of this Order to file an amended petition in compliance with this Order.

(3) **If** Petitioner fails to file an amended petition within 30 days, the Clerk of Court **must enter** a judgment of dismissal of this action without prejudice, without further notice to Petitioner.

(4) The Clerk of Court **must mail** Plaintiff the court-approved form for filing a "Petition For Writ Of Habeas Corpus By A Person In State Custody Pursuant To 28 U.S.C. § 2254 (Non-Death Penalty)."

DATED this 31st day of August, 2010.

*G. Murray Snow*
G. Murray Snow
United States District Judge